# UNITED STATES DISTRICT COURT FOR THE NORTHNERN DISTRICT OF ILLINOIS EASTERN DIVISION

LEE MOMIENT

    Plaintiff,

v.

SANFORD KAHN LTD

SANFORD KAHN

RICHARD CHRISTOFF

AMY SELLEGREN

ROBERT KAHN

WINNEMAC PROPERTIES

KOCH AND ASSOCIATES, P.C

DAVID KOCH

YULEIDY JOA

Defendants.

RECEIVED

OCT 11 2012

THOMAS G. BRUTON
CLERK U.S. DISTRICT COURT

1:12-cv-08195
Judge Amy J. St. Eve
Magistrate Judge Jeffrey T. Gilbert

## COMPLAINT FOR DAMGES

Comes now, LEE MOMIENT, plaintiff pro se in his complaint against the above named defendants for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq and in support of which he states as follows:

1. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

2. Plaintiff contends that the Collection Company Defendant have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

5. This is an action for damages which exceed $15,000.00

## PARTIES

6. Lee Momient is a natural person and a consumer as defined by § 1692 a(3).

7. Sanford Kahn, LTD is a law firm in with offices in Cook County, Illinois and is a debt collector as that term is defined by § 1692 a(6) its principal business being the collection of past due rents.

8. Richard Christoff (Christoff) is an attorney for the law firm Sanford Kahn LTD and is a debt collector as that term is defined by § 1692 a(6).

9. Sanford Kahn (Kahn) is an attorney for the law firm Sanford Kahn LTD and is a debt collector as that term is defined by § 1692 a(6).

10. Amy Sellegren (Sellegren) is an attorney for the law firm Sanford Kahn LTD and is a debt collector as that term is defined by § 1692 a(6).

11. Robert Kahn (R. Kahn) is an attorney for the law firm Sanford Kahn LTD and is a debt collector as that term is defined by § 1692 a(6).

12. Winnemac Properties is a residential management company and a debt collector as that term is defined by and is a debt collector as that term is defined by § 1692 a(6).

13. Koch and Associates PC is a law firm with offices in Cook County, Illinois and is a debt collector as that term is defined by § 1692 a(6) its principal business being the collection of past due rents.

14. David Koch (Koch) is an attorney for the law firm Koch and Associates PC and is a debt collector as that term is defined by § 1692 a(6).

15. Yuleidy Joa is an attorney for the law firm Koch and Associates PC and is a debt collector as that term is defined by § 1692 a(6).

## **FACTUAL ALLEGATIONS**

16. In March of 2011 Lee Momient entered into a rental agreement with Bell/Touhy LLC.

17. Upon information and belief on or about 8/8/2011 David Koch, Koch Associates PC filed an action against the Plaintiff Momient in Cook County Court seeking alleged unpaid rent on behalf of Bell/Touhy LLC, under case number 2011-M1-717614.

18. Upon Information and belief on or about 4/20/2012 Sanford Kahn, Sanford Kahn LTD filed an action against the Plaintiff Momient in Cook County Court seeking alleged unpaid rent on behalf of Winnemac Properties LTD, under case number 2012-M1-708874.

19. Upon information and belief at some time prior to 8/8/2011 Bell/Touhy LLC entered into a retainer agreement that Koch and associates, PC would collect delinquent debts by filing a lawsuit against the plaintiff.

20. Upon information and belief at some time prior to 4/20/2012 Winnemac Properties entered into a retainer agreement Sanford Kahn, LTD would collect delinquent debts by filing a lawsuit against the plaintiff.

21. The lawsuit of Bell/Touhy v Momient was dismissed from state court on 12/13/2011 with cost due to the defendant. Costs are yet unpaid.

22. Defendants David Koch, Koch and Associate, PC and Yuleidy Joa all made appearances in the case of Bell V Momient and all attempted to collect an alleged delinquent consumer debt of the Plaintiff.

23. The lawsuit of Winnemac v Momient is ongoing in state court.

24. Defendants Winnemac Properties, Sanford Kahn, Sanford Kahn, LTD, Richard Christoff, Amy Sellegren and Robert Kahn, all made appearance in the case of Winnemac v. Momient and all attempted to collect alleged delinquent consumer debt of the plaintiff.

25. Upon information and belief Winnemac Properties obtained the right to collect the alleged consumer debts of the plaintiff after the alleged debts became delinquent.

26. At no point have any of the defendants sent a demand, or initial notices, to the plaintiff prior to the filing of the state court actions.

27. On or about October of 2011 the plaintiff tendered a notice to David Koch and Koch and Associates PC, disputing the debt and demanding that the debt be verified and validated.

28. On 6/7/2012 the plaintiff tendered a notice to Robert Kahn, and Sanford Kahn, LTD disputing the debt and demanding that the debt be validated and verified.

29. At no point has any Defendant sent verification or validation of any debts to the Plaintiff Lee Momient.

30. The defendants each continued to pursue collection activities against the Plaintiff after receiving a dispute of the debt and prior to verifying the debt or responding to the dispute.

31. The defendant Sanford Kahn, LTD and Robert Christoff informed the defendant that failure to pay would ultimately lead to a jail sentence for the Plaintiff.

## COUNT I

32. Plaintiff restates and reiterates herein all previous paragraphs.

33. Plaintiff is a consumer under § 1692 a(3).

34. The alleged debts were obligations under § 1692 a(5).

35. DEFENDANTS are Debt Collectors under § 1692 a(6).

36. DEFENDANTS violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

37. DEFENDANTS violated § 1692 d by conduct the natural consequence of which is to harass, oppress, or abuse any person. Plaintiff demands judgment in the amount of $1000.

38. DEFENDANTS violated § 1692 f(1) by Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. Plaintiff demands judgment in the amount of $1000.

39. DEFENDANTS violated § 1692 e(11) by Communication that failed to contain the mini-Miranda warning: "This is an attempt to collect a debt… communication is from a debt collector." Plaintiff demands judgment in the amount of $1000.

40. DEFENDANTS continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b). Plaintiff demands $2000.

41. DEFENDANTS violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

42. DEFENDANTS violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector. Plaintiff demands judgment in the amount of $1000

43. DEFENDANTS violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Plaintiff demands judgment in the amount of $1000

44. DEFENDANTS violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the

consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. Plaintiff demands judgment in the amount of $1000.

Wherefore Plaintiff is entitled to recover all compensatory and actual damages, potential actual damages (including punitive damages), as well as statutory damages of $1,000 for each violation, costs and attorney's fees as provided by the Fair Debt Collection Practices Act.

Respectfully Submitted,

_____ Dated 10/11/12

Lee Momient

PO Box 608082

Chicago, Il 60660