**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LEE ARTHUR MOMIENT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 12-cv-8195** |
| **v.** | ) | |
| | ) | **Honorable Amy J. St. Eve** |
| **SANFORD KAHN, LTD; RICHARD CHRISTOFF; AMY SELLEGREN; ROBERT KAHN; SANFORD KAHN; WINNEMAC PROPERTIES; KOCH AND ASSOCIATES, P.C.; DAVID KOCH; and YULEIDY JOA,** | ) | **Magistrate Judge Jeffrey T. Gilbert** |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS SANFORD KAHN, LTD., RICHARD CHRISTOFF, AMY SELLEGREN, ROBERT KAHN, AND SANFORD KAHN'S ANSWER AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES (AS OF RIGHT)**

Defendants, Sanford Kahn, Ltd., Richard Christoff, Amy Sellegren, Robert Kahn, and Sanford Kahn, for their answer to plaintiff's first amended complaint, state as follows:

1. Plaintiff filed an original complaint against defendants on 10-1-2012.

**ANSWER:** These defendants admit that the original complaint was filed October 11, 2012. These defendants deny all remaining allegations in paragraph 1.

2. Defendants have filed no responsive pleadings.

**ANSWER:** These defendants deny the allegations in paragraph 2. These defendants filed a Rule 12(b)(1) motion to dismiss as their initial pleading.

3. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

**ANSWER:** These defendants admit only that plaintiff has made certain allegations in this lawsuit; however, these defendants deny any wrongdoing or liability to plaintiff. These defendants further deny that any unidentified so-called "practices" alleged in plaintiff's complaint are widespread. These defendants also deny that plaintiff has properly filed a class action lawsuit.

4. Plaintiff contends that the Collection Company Defendant have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt and otherwise disputed and unverified debts.

**ANSWER:** These defendants admit only that plaintiff has made certain allegations in his amended complaint; however, these defendants deny all remaining allegations contained in paragraph 4, specifically including any wrongdoing or liability to plaintiff.

## Jurisdiction and Venue

5. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** These defendants admit that jurisdiction is proper under 15 U.S.C. §1692k(d) and 28 U.S.C. §1367. These defendants deny any and all remaining allegations in paragraph 5 not specifically admitted.

6. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

**ANSWER:** These defendants admit the allegations in paragraph 6.

7. This is an action for damages which exceed $3,000,000.00.

**ANSWER:** These defendants admit that plaintiff alleges such damages; however, these defendants expressly deny any wrongdoing or liability to plaintiff, and deny that plaintiff is entitled to any damages whatsoever.

## Parties

8. Lee Momient is a natural person and a consumer as defined by §1692 a(3).

**ANSWER:** These defendants admit the allegations in paragraph 8.

9. Sanford Kahn, Ltd. is a law firm in with offices in Cook County, Illinois and is a debt collector as that term is defined by §1692 a(6) its principal business being the collection of past due rents.

**ANSWER:** These defendants admit that Sanford Kahn, Ltd. is a law firm with offices in Cook County, Illinois. For purposes of this matter only and limited to collection of monetary judgments and forcible entry detainer actions, these defendants admit that they may be debt collectors under 15 U.S.C. §1692 a(6).

10. Richard Christoff (Christoff) is an attorney for the law firm Sanford Kahn Ltd. and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:** These defendants admit that Richard Christoff is an attorney with the law firm of Sanford Kahn, Ltd. For purposes of this matter only and limited to collection of monetary judgments and forcible entry detainer actions, these defendants admit that they may be debt collectors under 15 U.S.C. §1692 a(6).

11. Sanford Kahn (Kahn) is an attorney for the law firm Sanford Kahn Ltd. and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:** These defendants admit that Sanford Kahn is an attorney with the law firm of Sanford Kahn, Ltd. For purposes of this matter only and limited to collection of monetary judgments and forcible entry detainer actions, these defendants admit that they may be debt collectors under 15 U.S.C. §1692 a(6).

12. Amy Sellegren (Sellegren) is an attorney for the law firm Sanford Kahn Ltd. and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:** These defendants admit that Amy Sellegren is an attorney with the law firm of Sanford Kahn, Ltd. For purposes of this matter only and limited to collection of monetary judgments and forcible entry detainer actions, these defendants admit that they may be debt collectors under 15 U.S.C. §1692 a(6).

13. Robert Kahn (R. Kahn) is an attorney for the law firm Sanford Kahn Ltd. and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:** These defendants admit that Robert Kahn is an attorney with the law firm of Sanford Kahn, Ltd. For purposes of this matter only and limited to collection of monetary judgments and forcible entry detainer actions, these defendants admit that they may be debt collectors under 15 U.S.C. §1692 a(6).

14. Winnemac Properties is a residential management company and a debt collector as that term is defined by and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:** These defendants admit that Winnemac Properties is a residential management company. These defendants are without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore deny the same. These defendants note further that property management companies generally are not subject to the FDCPA pursuant to the definitional exceptions found at §1692 (a)(6)(F).

15. Koch and Associates PC is a law firm with offices in Cook County, Illinois and is a debt collector as that term is defined by §1692 a(6) its principal business being the collection of past due rents.

**ANSWER:** These defendants admit that Koch and Associates, P.C. is a law firm without offices in Cook County, Illinois. These defendants are without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore deny the same.

16. David Koch (Koch) is an attorney for the law firm Koch and Associates PC and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:** These defendants admit that David Koch is an attorney with the law firm of Koch and Associates, P.C. These defendants are without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore deny the same.

17. Yuleidy Joa is an attorney for the law firm Koch and Associates PC and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:** These defendants deny that Yuleidy Joa is an attorney for the law firm of Koch and Associates, P.C. These defendants are without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore deny the same.

### Factual Allegations

**The Alleged Debt**

18. In March of 2011 Lee Momient entered into a rental agreement with Bell/Touhy LLC.

**ANSWER:** These defendants admit the allegations in paragraph 18.

4

19. In June of 2011 Plaintiff suffered great personal injury because of the negligence of Bell/Touhy LLC.

**ANSWER:** These defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 19 and therefore deny the same.

20. Allen Smith of Bell/Touhy LLC instructed that he would waive the rent for a while and told him he would not have to pay any rent until he got better. The plaintiff agreed with Allen Smith.

**ANSWER:** These defendants deny the allegations in paragraph 20.

21. Plaintiff called the city inspector about some of the faulty conditions that were not being addressed. The city inspectors cited Bell/Touhy LLC.

**ANSWER:** These defendants admit that the city inspectors issues citations to Bell/Touhy LLC which were subsequently dismissed. These defendants are without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore deny the same.

22. Plaintiff filed a personal injury suit against Bell/Touhy LLC.

**ANSWER:** These defendants admit the allegations in paragraph 22.

23. Upon information and belief Bell/Touhy and Winnemac Properties are aware of the lingering physical and mental damage caused by their negligence to the plaintiff.

**ANSWER:** These defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 23 and therefore deny the same.

24. Upon information and belief Allen Smith and his business partners determined to retaliate against the Plaintiff by evicting Plaintiff for the very rent he was told he did not owe.

**ANSWER:** These defendants admit only that the law firm of Sanford Kahn, Ltd. initiated a joint forcible entry and detainer action against plaintiff in Illinois state court. These defendants deny any and all remaining allegations in paragraph 24 not specifically admitted.

**The Koch Group Defendants**

25. – 31. The allegations in these paragraphs are not directed towards these defendants. To the extent the allegations can be construed to be alleged against these defendants, these defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraphs 25-31 and therefore deny the same.

**Winnemac/Kahn Group Defendants**

32. Upon information and belief at some time after December 2011 and prior to 4/20/12 Bell/Touhy LLC entered into a property management agreement with Winnemac Properties and Winnemac Agreed that it would collect delinquent debts by filing a lawsuit against the plaintiff.

**ANSWER:** These defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 32 and therefore deny the same.

33. Upon information and belief Winnemac Properties obtained the right to collect the alleged consumer debts of the plaintiff only after the alleged debts became delinquent.

**ANSWER:** These defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 33 and therefore deny the same.

34. Upon information and belief at some time prior to 4/20/2012 Winnemac Properties entered into a retainer agreement Sanford Kahn, Ltd. would collect delinquent debts by filing a lawsuit against the plaintiff.

**ANSWER:** These defendants admit that Winnemac Properties retained the law firm of Sanford Kahn, Ltd. to evict plaintiff for failure to timely pay rent. These defendants deny any and all remaining allegations in paragraph 34 not specifically admitted.

35. Upon Information and belief on or about 4/20/2012 Sanford Kahn, Sanford Kahn Ltd. filed an action against the Plaintiff Momient in Cook County Court seeking alleged unpaid rent on behalf of Winnemac Properties Ltd., under case number 2012-M1-708874.

**ANSWER:** These defendants admit that on or about April 20, 2012 the law firm of Sanford Kahn, Ltd. initiated a forcible entry and detainer action in Illinois state court against plaintiff under Case No. 2012 M1 708874. These defendants deny any and all remaining allegations in paragraph 35 not specifically admitted.

36. The lawsuit of Winnemac v Momient is ongoing in state court.

**ANSWER:** These defendants admit the allegations in paragraph 36.

37. On 6/7/2012 the plaintiff tendered a notice to an unidentified attorney of Sanford Kahn representing Winnemac Properties, and to Sanford Kahn, Ltd. disputing the debt and demanding that the debt be validated and verified.

**ANSWER:** These defendants admit on or about June 7, 2012 plaintiff tendered notice to the law firm of Sanford Kahn, Ltd. disputing the debt and demanding that the debt be validated and verified. Further answering, the notice was tendered only after the state court forcible entry and detainer action had been initiated. Answering further, said demand for validation and verification was made more than 30 days after initial communication with Momient regarding the debt. These defendants deny any and all remaining allegations in paragraph 37 not specifically admitted.

38. Defendants Winnemac Properties, Sanford Kahn, Sanford Kahn, Ltd., Richard Christoff, Amy Sellegren and Robert Kahn, all made appearance in the case of Winnemac v. Momient and all attempted to collect alleged but non-existent and otherwise disputed and unverified delinquent consumer debt of the plaintiff.

**ANSWER:** These defendants admit that attorneys for the law firm of Sanford Kahn, Ltd. including Sanford Kahn, Richard Christoff, and Amy Sellegren attended court in their capacity as attorneys for Winnemac Properties in the case <u>Winnemac Properties v. Momient</u>, Case No. 12 M1 708874. These defendants further admit that said court appearances were made to further the eviction of plaintiff for failure to timely pay rent. These defendants deny any and all remaining allegations in paragraph 38 not specifically admitted. Robert Kahn denies having made any appearance in the <u>Winnemac v. Momient</u> state court proceeding.

39. The Defendant Sanford Kahn Ltd. on its website http://www.sanfordkahnltd.com says:

> *"The law firm of Sanford Kahn, Ltd., was established in 1973 and consists of seven attorneys, all of whom concentrate on Landlord/Tenant Law in Illinois… The firm files over four hundred Forcible Entry and Detainer Actions per month for Residential, Commercial, and Industrial Properties, as well as Subsidized Properties in Cook, DuPage, Will, Lake, McHenry and Kankakee Counties, Illinois."*

**ANSWER:** These defendants admit that paragraph 39 sets forth a portion of text contained on the website for the law firm of Sanford Kahn, Ltd. However, these defendants deny any wrongdoing or liability to plaintiff.

7

40. Upon information and belief the firm also seeks past due rents, or consumer debts, as a mainstay of its practice and has done so for nearly 40 years.

**ANSWER:** These defendants admit only that they sometimes obtain past due rent and use and occupancy payments for their clients through their filings of forcible entry and detainer actions. These defendants deny that seeking past due rents or consumer debts is a "mainstay of its practice." These defendants deny any and all remaining allegations in paragraph 40 not specifically admitted.

41. Upon information and belief the firm never represents renters/debtors but specializes as a landlord's attorney, to obtain past due rents and/or possession of apartment units based on delinquent consumer debts.

**ANSWER:** These defendants admit that the law firm of Sanford Kahn, Ltd. represents landlords, and occasionally tenants, in forcible entry and detainer actions for residential, commercial, and industrial properties. These defendants further admit that as part of their filing of forcible entry and detainer actions, the law firm of Sanford Kahn, Ltd. sometimes obtains judgments for past due rent while seeking possession. These defendants deny any and all remaining allegations in paragraph 41 not specifically admitted.

42. Upon information and belief the firm uses its connections and influence in the state court to further their aims and maintain the image of a highly successful Landlord friendly Law Firm.

**ANSWER:** These defendants deny the allegations in paragraph 42. Answering further, these defendants expressly deny any implication that the firm "uses it connections and influence" in practicing law.

43. Upon information and belief the firm does not adhere to the FDCPA, though they are debt collectors. The firm does not send out Dunning notices nor does it give the debtor time to dispute or pay prior to filing lawsuits pursuant to FDCPA.

**ANSWER:** These defendants deny the allegations in paragraph 43.

44. Upon filing the case on behalf of Winnemac Properties against the Plaintiff the, Firm Sanford Kahn ltd, obtained colorable jurisdiction by pleading to the court that the Plaintiff could not be found on due inquiry, though the plaintiff has resided in the same place the entire time and had a separate and ongoing action against Bell/Touhy, LLC in state court.

**ANSWER:** These defendants admit only that plaintiff was properly found to have been served with summons and complaint in the underlying forcible entry and detainer action. These defendants deny any and all remaining allegations in paragraph 44 not specifically admitted.

45. The defendant Sanford Kahn, Ltd. and Robert Christoff informed the defendant that failure to pay would ultimately lead to a jail sentence for the Plaintiff.

**ANSWER:** These defendants deny the allegations in paragraph 45.

46. Upon information and belief the firm uses these tactics alongside its longstanding influence and connections to obtain judgments against debtors and maintain its corporate image as a successful landlords' law firm.

**ANSWER:** These defendants deny the allegations in paragraph 46.

47. Upon information and belief it has built this reputation on the backs of tens of thousands of unsuspecting and unsophisticated consumer debtors, victims, whom have suffered at the hands of Sanford Kahn Ltd's unlawful debt collection practices.

**ANSWER:** These defendants deny the allegations in paragraph 47.

48. Sanford Kahn Ltd. and its members and attorneys are savvy, intelligent, longtime attorneys, and upon information and belief they know they are debt collectors and subject to the FDCPA.

**ANSWER:** These defendants admit the attorneys at the law firm of Sanford Kahn, Ltd. are intelligent attorneys. These defendants deny any negative connotation associated with the allegation that they are "savvy" attorneys. For purposes of this matter only, these defendants admit that when praying for a money judgment for past due rent, the law firm of Sanford Kahn, Ltd. is subject to certain provision of the FDCPA. The law firm of Sanford Kahn, Ltd. does not engage in post-judgment collections. These defendants deny any and all remaining allegations in paragraph 48 not specifically admitted.

49. Upon information and belief Sanford Kahn Ltd. and its members and attorneys have made a conscious profit-making decision to attempt to fly under the radar while knowingly violating the FDCPA repeatedly as part of its business model.

**ANSWER:** These defendants deny the allegations in paragraph 49.

50. Upon information and belief Sanford Kahn Ltd. and its members and attorneys avoid complying with the FDCPA in order to maintain their image as a successful landlord's attorney law firm, that are experts and can obtain judgments and evictions <u>quickly</u> in the courts based on their expertise in and knowledge of law.

9

**ANSWER:** These defendants admit that the law firm of Sanford Kahn, Ltd. worked to obtain judgments and evictions in Illinois state forcible entry and detainer actions in an efficient manner while complying with any applicable laws and statutes. These defendants deny any and all remaining allegations in paragraph 50 not specifically admitted.

51. The Sanford Kahn Law Firm has been aware of this action since they were served in or about November 2012. Upon information and belief they have willfully continued to operate based on a cost/benefit analysis in the same manner and continue to file 400 lawsuits a months with no regard for the FDCPA.

**ANSWER:** These defendants admit that the law firm of Sanford Kahn, Ltd. continues to lawfully file forcible entry and detainer actions in Illinois state courts. These defendants further admit that they were served with summons and complaint in this lawsuit in or about December 2012. These defendants deny any and all remaining allegations in paragraph 51 not specifically admitted.

52. When the plaintiff Momient was unable to obtain an attorney early on in the state case the Firm capitalized on that and vigorously pursued an alleged but non-existent and or otherwise disputed and unverified consumer debt with full awareness that the debt had been disputed and unverified.

**ANSWER:** These defendants admit only that they lawfully filed a forcible entry and detainer action against plaintiff for failure to pay rent, which state court action is still proceeding. These defendants deny any and all remaining allegations in paragraph 52 not specifically admitted.

53. On 11/1/2012 defendants Winnemac Properties, Sanford Kahn Ltd. and Amy Sellegren obtained a judgment against Plaintiff in the amount of $6800.00.

**ANSWER:** These defendants admit that on or about November 1, 2012, a $6,800 judgment was entered against plaintiff in the state court case based on plaintiff's failure to make court ordered use and occupancy payments.

54. Upon information and belief the judgment has appeared in Plaintiffs' credit report and has lowered his credit score, and inhibited his ability to obtain new credit and damaged his reputation amongst other damages.

**ANSWER:** Defendants admit only that a judgment was properly entered by the trial judge in the underlying forcible entry and detainer action as a result of plaintiff's failure to make court ordered use and occupancy payments. These defendants are without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore deny the same.

10

55. Defendants Winnemac Properties and Sanford Kahn ltd., Amy Sellegren, Sandford Kahn, Richard Chrsitoff, and Robert Kahn, (Hereafter the "Winnemac/Kahn Group" Defendants) each participated in pursuing an accelerated trial date in the state court action in an attempt to force Plaintiff to pay alleged but non-existent and or otherwise disputed and unverified debts or face an eviction from his home based on same.

**ANSWER:** These defendants admit only that the law firm of Sanford Kahn, Ltd., on behalf of Winnemac Properties, lawfully filed, and continued to properly pursue, a forcible entry and detainer action against plaintiff as a result of plaintiff's failure to make timely rent payments and to vacate the subject apartment after expiration of the lease. These defendants deny any and all remaining allegations in paragraph 55 not specifically admitted.

56. Defendants The Winnemac/Kahn Group obtained an accelerated trial date based solely on alleged sanctionable conduct of the plaintiff, for his inability to pay the $6800.00 judgment. The judgment amount representing an alleged but non-existent and or otherwise disputed and unverified debt.

**ANSWER:** These defendants admit that a trial date was properly obtained in the underlying forcible entry and detainer action against plaintiff. These defendants also admit that a $6,800 judgment was properly entered by the trial judge against plaintiff in that action as a result of plaintiff's failure to comply with a court ordered use and occupancy order. These defendants deny any and all remaining allegations in paragraph 56 not specifically admitted.

57. Defendants the Winnemac/Kahn Group were granted an accelerated trial date of 11-29-2012 based on the defendants willful disregard for the FDCPA violations they were committing.

**ANSWER:** These defendants admit only that trial dates have been properly set by the trial judge in the underlying forcible entry and detainer action. These defendants deny any and all remaining allegations in paragraph 57 not specifically admitted.

58. The Plaintiff and his late-coming attorney were unprepared for a trial and the defendant feared that the bullying of the Winnemac/Kahn Group would lead to him and his son being forced out into the streets in the middle of winter by illegal eviction for an alleged but non-existent and or otherwise disputed and unverified debt.

**ANSWER:** These defendants deny "bullying" plaintiff. These defendants are without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore deny the same.

11

59. As a direct result of the Winnemac/Kahn Groups unlawful debt collection practices the Plaintiff, on 11-29-2012, the day of trial, was forced to file an emergency bankruptcy as the only means to stay the accelerated trial granted to the Winnemac/Kahn Group Defendants based on their willful and unlawful actions.

**ANSWER:** These defendants admit only that plaintiff filed bankruptcy on the day of the scheduled trial in the underlying forcible entry and detainer action. These defendants deny any and all remaining allegations in paragraph 59 not specifically admitted.

60. The Defendants Robert Kahn, Sanford Kahn Ltd. and Winnemac Properties continued to violate the FDCPA by appearing in the Bankruptcy action and requesting that the stay be lifted so that they may continue to pursue their unlawful debt collection practices in state court.

**ANSWER:** These defendants admit only that Robert Kahn, on behalf of Winnemac Properties, has appeared in plaintiff's then-pending bankruptcy action in attempt to lawfully lift the automatic stay to continue with the underlying forcible entry and detainer action. These defendants deny any and all remaining allegations in paragraph 60 not specifically admitted.

61. The Defendants Robert Kahn, Sanford Kahn Ltd. and Winnemac Properties asked that the Bankruptcy court allow them to collect past due rents and were granted an order stating that the plaintiff shall pay the past due rent of December 2012.

**ANSWER:** These defendants admit that Robert Kahn appeared in plaintiff's then-pending bankruptcy action wherein the United States Bankruptcy Court Judge properly lifted the automatic stay. These defendants deny any and all remaining allegations in paragraph 61 not specifically admitted.

62. As of 1-08-2013 The Winnemac/Kahn Group defendants continue to pursue their state court collection efforts in the very same court case that was filed in violation of the FDCPA and lead the plaintiff to file bankruptcy.

**ANSWER:** These defendants admit only that they lawfully continue to pursue the underlying forcible entry and detainer action as a result of plaintiff's failure to timely pay rent and to vacate the subject premises after expiration of a lease agreement. These defendants deny any and all remaining allegations in paragraph 62 not specifically admitted.

### Common to All Defendants

63. At no point had any of the defendants sent a demand, or initial notices, to the plaintiff prior to the filing of the state court actions.

12

**ANSWER:** These defendants deny the allegations in paragraph 63 as stated.

64. At no point has any Defendant sent verification or validation of any debts to the Plaintiff Lee Momient once disputed.

**ANSWER:** These defendants admit that no verification or validation related to debts owed by plaintiff to Winnemac Properties have been sent. Answering further, these defendants deny that any such verification or validation was required by law based on the timing and procedure of the underlying state court actions involving Winnemac Properties and plaintiff.

65. Upon information and belief the defendants are aware of the lingering physical and mental damage caused by injuries sustained to him due to the negligence of Bell/Touhy LLC.

**ANSWER:** These defendants deny all allegations in paragraph 65.

66. The plaintiff suffers from anxiety disorder, post-concussion (head trauma) syndrome, including memory loss, and has had previous back and body injury; each was exacerbated by the Defendants conduct.

**ANSWER:** These defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 66 and therefore deny the same. Answering further, these defendants deny that any of their actions have caused any of plaintiff's alleged physical or mental conditions.

67. Plaintiff on many days had to appear in court though he was suffering from, without limit, extreme back pain, headaches and anxiety.

**ANSWER:** These defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 67 and therefore deny the same. Answering further, these defendants have observed plaintiff appear in court on multiple occasions without any such physical or mental issues.

68. Plaintiff pleaded with the defendants to stop their abusive tactics and simply follow the law and informed them each of the pain and suffering their actions were causing him, but the defendants persisted.

**ANSWER:** These defendants admit only that the law firm of Sanford Kahn, Ltd. continues to lawfully pursue the underlying forcible entry and detainer action against plaintiff. These defendants deny all remaining allegations in paragraph 68 not specifically admitted

69. The defendant's actions lead to worry and overeating and the defendant has gained nearly 60 pounds as a result of the distress caused by the defendants.

**ANSWER:** These defendants deny the allegations in paragraph 69.

70. The Plaintiff has suffered the actual damages, without limit, of anxiety, paranoia, difficulty relating to others, stress, anger, downtime, severe headaches, increased temper, adrenaline, conflict with family, chest constrictions, shock, overeating, excessive weight gain, loss of sleep, nightmares, insomnia, becoming bedridden, muscle spasm, dizziness, shortness of breath, loss of happiness, fear, worry, loss of concentration, irritability, embarrassment, humiliation, indignation, future anxiety, future pain, future suffering, emotional and mental distress, pain and suffering, aggravated existing illnesses, out of pocket expenses, attorney fees in the underlying state court cases, impairment of ability to work, payments on an invalid claim, future payment on an invalid claim, reduced credit rating, injury to reputation.

**ANSWER:** These defendants expreslly deny the allegations in paragraph 70 to the extent plaintiff claims they were caused by these defendants. These defendants are without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 70 and therefore deny the same.

**Count I**
**Violations of the Fair Debt Collection and Practices Act**

71. Plaintiff restates and reiterates herein all previous paragraphs.

**ANSWER:** These defendants repeat and reallege their answers to all previous paragraphs.

72. Plaintiff is a consumer under §1692 a(3).

**ANSWER:** These defendants admit the allegations in paragraph 72.

73. The alleged debts were obligations under §1692 a(5).

**ANSWER:** These defendants admit for purposes of this matter only that the money judgment previously entered and correctly being sought against plaintiff in the underlying forcible entry and detainer action as a result of plaintiff's failure to timely pay rent, are debts as provided for under 15 U.S.C. §1692 a(5). These defendants deny any and all remaining allegations in paragraph 73 not specifically admitted.

74. Defendants are Debt Collectors under §1692 a(6).

**ANSWER:** These defendants admit for purposes of this matter only, and limited to the seeking of a money judgment against plaintiff in the underlying forcible entry and detainer action, that they may be deemed debt collectors under 15 U.S.C. §1692 a(6). These defendants deny any and all remaining allegations in paragraph 74 not specifically admitted.

75. Defendants violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

**ANSWER:** These defendants deny the allegations in paragraph 75.

76. Defendants violated §1692d by conduct the natural consequence of which is to harass, oppress, or abuse any person. Plaintiff demands judgment in the amount of $1000.

**ANSWER:** These defendants deny the allegations in paragraph 76.

77. Defendants violated §1692f(1) by Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. Plaintiff demands judgment in the amount of $1000.

**ANSWER:** These defendants deny the allegations in paragraph 77.

78. Defendants violated §1692e(11) by Communication that failed to contain the mini-Miranda warning: "This is an attempt to collect a debt... communication is from a debt collector." Plaintiff demands judgment in the amount of $1000.

**ANSWER:** These defendants deny the allegations in paragraph 78.

79. Defendants continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b). Plaintiff demands $2000.

**ANSWER:** These defendants deny the allegations in paragraph 79.

80. Defendants violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

15

      **ANSWER:** These defendants deny the allegations in paragraph 80.

      81.    Defendants violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector. Plaintiff demands judgment in the amount of $1000.

      **ANSWER:** These defendants deny the allegations in paragraph 81.

      82.    Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Plaintiff demands judgment in the amount of $1000.

      **ANSWER:** These defendants deny the allegations in paragraph 82.

      83.    Defendants violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. Plaintiff demands judgment in the amount of $1000.

      **ANSWER:** These defendants deny the allegations in paragraph 83.

      84.    The defendants acted willfully and maliciously without regard for the rights of the Plaintiff or the laws of the land.

      **ANSWER:** These defendants deny the allegations in paragraph 84.

      85.    The unlikely alternative is that some of the defendants acted negligently.

      **ANSWER:** These defendants deny the allegations in paragraph 85.

**Count II**
**Intentional Infliction of Emotional Distress**

86.     Plaintiff restates and reiterates herein all previous paragraphs.

**ANSWER:** These defendants repeat and reallege their answers to all previous paragraphs.

87.     The defendant's conduct was extreme and outrageous.

**ANSWER:** These defendants deny the allegations in paragraph 87.

88.     The defendants were aware or should have known that their actions would lead to emotional distress.

**ANSWER:** These defendants deny the allegations in paragraph 88.

89.     The defendant's actions caused severe emotional distress and mental anguish to the Plaintiff

**ANSWER:** These defendants deny the allegations in paragraph 89.

**AFFIRMATIVE DEFENSES**

Defendants, Sanford Kahn, Ltd., Richard Christoff, Amy Sellegren, Robert Kahn, and Sanford Kahn, for their affirmative defenses to plaintiff's first amended complaint for damages (as of right), state as follows:

**First Affirmative Defense**

For their first affirmative defense, these defendants state that plaintiff fails to state a cause of action for either a violation of the FDCPA, 15 U.S.C. §1692 *et seq.* or for intentional infliction of emotional distress.

**Second Affirmative Defense**

For their second affirmative defense, these defendants state that plaintiff has not suffered any actual damages as a result of the alleged acts and/or omissions of these defendants.

**Third Affirmative Defense**

For their third affirmative defense, these defendants state that plaintiff failed to state a claim upon which relief may be granted under the FDCPA because these defendants did not commit any act or omission constituting an actual violation of the FDCPA. Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 480 F.3d 470 (7th Cir. 2007).

**Fourth Affirmative Defense**

For their fourth affirmative defense, these defendants state that plaintiff's alleged claims are subject to set-off and/or recoupment of any and all sums due and owing by any party for any of the damages alleged herein.

**Fifth Affirmative Defense**

For their fifth affirmative defense, these defendants state that any alleged violations were not material. Hahn v. Triumph Partnerships, LLC, 557 F.3d 755 (7th Cir. 2009).

**Sixth Affirmative Defense**

For their sixth affirmative defense, these defendants state that an unsophisticated debtor would not be misled by any of the alleged violations.

**Seventh Affirmative Defense**

For their seventh affirmative defense, these defendants state that Richard Christoff, Amy Sellegren, Robert Kahn, and Sanford Kahn are improperly named as individual defendants in this action and are not subject to personal liability merely because they are individual attorneys at the law firm of Sanford Kahn, Ltd.

### Eight Affirmative Defense

For their eight affirmative defense, these defendants state that the FDCPA does not provide the Court with jurisdiction to overturn, alter, or attack orders entered by Illinois state court judges or Federal Bankruptcy judges.

### Ninth Affirmative Defense

For their ninth affirmative defense, these defendants state that any alleged requests for verification made by plaintiff were done more than thirty days after initial contact with plaintiff.

### Tenth Affirmative Defense

For their tenth affirmative defense, these defendants state that any alleged requests for verification made by plaintiff were done during the pendency of the state court lawsuits.

WHEREFORE, defendants, Sanford Kahn, Ltd., Richard Christoff, Amy Sellegren, Robert Kahn, and Sanford Kahn, pray that judgment be entered in their favor and against plaintiff, with costs.

                                          Sanford Kahn, Ltd.; Richard Christoff; Amy Sellegren; Robert Kahn; and Sanford Kahn

                                          By: /s/ Matthew T. Kinst
                                                One of their attorneys

Joseph P. Kincaid, Esq. (ARDC No. 6202639)
Matthew T. Kinst, Esq. (ARDC No. 6296945)
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
(312) 321-0990 – Fax
jkincaid@smbtrials.com
mkinst@smbtrials.com