**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LEE ARTHUR MOMIENT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.  12-cv-8195** |
| **v.** | ) | |
| | ) | **Honorable Amy J. St. Eve** |
| **SANFORD KAHN, LTD; RICHARD** | ) | **Magistrate Judge Jeffrey T. Gilbert** |
| **CHRISTOFF; AMY SELLEGREN;** | ) | |
| **ROBERT KAHN; SANFORD KAHN;** | ) | |
| **WINNEMAC PROPERTIES; KOCH** | ) | |
| **AND ASSOCIATES, P.C.; DAVID** | ) | |
| **KOCH; and YULEIDY JOA,** | ) | |
| | ) | |
| **Defendants.** | ) | |


**DEFENDANT WINNEMAC PROPERTIES'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES (AS OF RIGHT)**

Defendant, Winnemac Properties ("Winnemac"), for its answer to plaintiff's first amended complaint, states as follows:

1.     Plaintiff filed an original complaint against defendants on 10-1-2012.

**ANSWER:**   This defendant admits that the original complaint was filed October 11, 2012.  This defendant denies all remaining allegations in paragraph 1.

2.     Defendants have filed no responsive pleadings.

**ANSWER:**   This defendant denies the allegations in paragraph 2.  This defendant filed a Rule 12(b)(1) motion to dismiss as its initial pleading.

3.     Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants.  Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

**ANSWER:** This defendant admits only that plaintiff has made certain allegations in this lawsuit; however, this defendant denies any wrongdoing or liability to plaintiff. This defendant further denies that any unidentified so-called "practices" alleged in plaintiff's complaint are widespread. This defendant also denies that plaintiff has properly filed a class action lawsuit.

4.      Plaintiff contends that the Collection Company Defendant have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt and otherwise disputed and unverified debts.

**ANSWER:** This defendant admits only that plaintiff has made certain allegations in his amended complaint; however, this defendant denies all remaining allegations contained in paragraph 4, specifically including any wrongdoing or liability to plaintiff.

### Jurisdiction and Venue

5.      Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** This defendant admits that jurisdiction is proper under 15 U.S.C. §1692k(d) and 28 U.S.C. §1367. This defendant denies any and all remaining allegations in paragraph 5 not specifically admitted.

6.      Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

**ANSWER:** This defendant admits the allegations in paragraph 6.

7.      This is an action for damages which exceed $3,000,000.00.

**ANSWER:** This defendant admits that plaintiff alleges such damages; however, this defendant expressly denies any wrongdoing or liability to plaintiff, and denies that plaintiff is entitled to any damages whatsoever.

### Parties

8.      Lee Momient is a natural person and a consumer as defined by §1692 a(3).

**ANSWER:** This defendant admits the allegations in paragraph 8.

9.     Sanford Kahn, Ltd. is a law firm in with offices in Cook County, Illinois and is a debt collector as that term is defined by §1692 a(6) its principal business being the collection of past due rents.

**ANSWER:**  This defendant admits that Sanford Kahn, Ltd. is a law firm with offices in Cook County, Illinois.  This defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies the same.

10.     Richard Christoff (Christoff) is an attorney for the law firm Sanford Kahn Ltd. and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:**   This defendant admits that Richard Christoff is an attorney with the law firm of Sanford Kahn, Ltd.  This defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies the same.

11.     Sanford Kahn (Kahn) is an attorney for the law firm Sanford Kahn Ltd. and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:**  This defendant admits that Sanford Kahn is an attorney with the law firm of Sanford Kahn, Ltd.  This defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies the same.

12.     Amy Sellegren (Sellegren) is an attorney for the law firm Sanford Kahn Ltd. and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:**   This defendant admits that Amy Sellegren is an attorney with the law firm of Sanford Kahn, Ltd.  This defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies the same.

13.     Robert Kahn (R. Kahn) is an attorney for the law firm Sanford Kahn Ltd. and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:**   This defendant admits that Robert Kahn is an attorney with the law firm of Sanford Kahn, Ltd.  This defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies the same.

14.     Winnemac Properties is a residential management company and a debt collector as that term is defined by and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:** This defendant admits that it is a residential management company. This defendant denies any and all remaining allegations in paragraph 14 not specifically admitted and notes further that property management companies generally are not subject to the FDCPA pursuant to the definitional exceptions found in §1692 (a)(6)(F).

15. Koch and Associates PC is a law firm with offices in Cook County, Illinois and is a debt collector as that term is defined by §1692 a(6) its principal business being the collection of past due rents.

**ANSWER:** This defendant admits that Koch and Associates, P.C. is a law firm without offices in Cook County, Illinois. This defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies the same.

16. David Koch (Koch) is an attorney for the law firm Koch and Associates PC and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:** This defendant admits that David Koch is an attorney with the law firm of Koch and Associates, P.C. This defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies the same.

17. Yuleidy Joa is an attorney for the law firm Koch and Associates PC and is a debt collector as that term is defined by §1692 a(6).

**ANSWER:** This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 17 and therefore denies the same.

## Factual Allegations

### The Alleged Debt

18. In March of 2011 Lee Momient entered into a rental agreement with Bell/Touhy LLC.

**ANSWER:** This defendant admits the allegations in paragraph 18.

19. In June of 2011 Plaintiff suffered great personal injury because of the negligence of Bell/Touhy LLC.

**ANSWER:** This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 19 and therefore denies the same.

20. Allen Smith of Bell/Touhy LLC instructed that he would waive the rent for a while and told him he would not have to pay any rent until he got better. The plaintiff agreed with Allen Smith.

**ANSWER:** This defendant denies the allegations in paragraph 20.

21. Plaintiff called the city inspector about some of the faulty conditions that were not being addressed. The city inspectors cited Bell/Touhy LLC.

**ANSWER:** This defendant admits that the city inspector issued citations to Bell/Touhy LLC, which were subsequently dismissed. This defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies the same.

22. Plaintiff filed a personal injury suit against Bell/Touhy LLC.

**ANSWER:** This defendant admits the allegations in paragraph 22.

23. Upon information and belief Bell/Touhy and Winnemac Properties are aware of the lingering physical and mental damage caused by their negligence to the plaintiff.

**ANSWER:** This defendant denies the allegations in paragraph 23.

24. Upon information and belief Allen Smith and his business partners determined to retaliate against the Plaintiff by evicting Plaintiff for the very rent he was told he did not owe.

**ANSWER:** This defendant denies the allegations in paragraph 24.

## The Koch Group Defendants

25. Upon information and belief at some time prior to 8/8/2011 Bell/Touhy LLC entered into a retainer agreement that Koch and associates, PC would collect delinquent debts by filing a lawsuit against the plaintiff.

**ANSWER:** This defendant admits that in 2011 Bell/Touhy, LLC retained Koch and Associates, P.C. to file a forcible entry and detainer action against plaintiff in Illinois state court.

26.     Upon information and belief on or about 8/8/2011 David Koch, Koch Associates PC filed an action against the Plaintiff Momient in Cook County Court seeking alleged unpaid rent on behalf of Bell/Touhy LLC, under case number 2011-M1-717614.

**ANSWER:**   This defendant admits the allegations in paragraph 26.


27.     The lawsuit of Bell/Touhy v. Momient was dismissed from state court on 12/13/2011 with cost due to the defendant.  Costs are yet unpaid.

**ANSWER:**   This defendant admits the allegations in paragraph 27.


28.     Defendants David Koch, Koch and Associate, PC and Yuleidy Joa (Hereafter the "Koch Group Defendants") all made appearances in the case of Bell V Momient and all attempted to collect an alleged but non-existent and or otherwise disputed and unverified delinquent consumer debt of the Plaintiff

**ANSWER:**   This defendant admits that David Koch and Yuleidy Joa appeared in court in the forcible entry and detainer action (Case No. 2011 M1 717614) filed against plaintiff in attempt to evict plaintiff from the subject premises for failure to make timely rent payments. This defendant denies any and all remaining allegations in paragraph 28 not specifically admitted.


29.     Upon information and belief Koch and Associates at the time it filed suit held itself out as a landlord/tenant law firm representing landlords for the collection of past due rents, or consumer debts.

**ANSWER:**   This defendant admits that at the time of the forcible entry and detainer action against plaintiff (Case No. 2011 M1 717614), part of Koch and Associates, P.C.'s practice included representing landlords for evictions and for the collection of past due rent.  This defendant denies any and all remaining allegations in paragraph 29 not specifically admitted.


30.     On or about October of 2011 the plaintiff tendered a notice to David Koch and Koch and Associates PC, disputing the debt and demanding that the debt be verified and validated.

**ANSWER:**   This defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies the same.


31.     The defendants each continued to pursue collection activities against the Plaintiff after receiving a dispute of the debt and prior to verifying the debt or responding to the dispute.

**ANSWER:**   This defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies the same.

### Winnemac/Kahn Group Defendants

32.    Upon information and belief at some time after December 2011 and prior to 4/20/12 Bell/Touhy LLC entered into a property management agreement with Winnemac Properties and Winnemac Agreed that it would collect delinquent debts by filing a lawsuit against the plaintiff.

**ANSWER:**   This defendant admits that Winnemac was the property manager for the subject apartment complex during all relevant times herein.  Answering further, as property manager Winnemac had the ability to properly and lawfully file a joint forcible entry and detainer action against plaintiff.  This defendant denies any and all remaining allegations not specifically admitted.

33.    Upon information and belief Winnemac Properties obtained the right to collect the alleged consumer debts of the plaintiff only after the alleged debts became delinquent.

**ANSWER:**   This defendant admits that Winnemac had the right to collect the past due rent after they became delinquent.  Answering further, as the property manager during all relevant times herein, Winnemac had the right to collect rent from Momient.  This defendant denies any and all remaining allegations in paragraph 33 not specifically admitted.

34.    Upon information and belief at some time prior to 4/20/2012 Winnemac Properties entered into a retainer agreement Sanford Kahn, Ltd. would collect delinquent debts by filing a lawsuit against the plaintiff.

**ANSWER:**   This defendant admits that it retained the law firm of Sanford Kahn, Ltd. to evict plaintiff for failure to timely pay rent.  This defendant denies any and all remaining allegations in paragraph 34 not specifically admitted.

35.    Upon Information and belief on or about 4/20/2012 Sanford Kahn, Sanford Kahn Ltd. filed an action against the Plaintiff Momient in Cook County Court seeking alleged unpaid rent on behalf of Winnemac Properties Ltd., under case number 2012-M1-708874.

**ANSWER:**   This defendant admits that on or about April 20, 2012 the law firm of Sanford Kahn, Ltd. initiated a forcible entry and detainer action in Illinois state court against plaintiff under Case No. 2012 M1 708874.  This defendant denies any and all remaining allegations in paragraph 35 not specifically admitted.

36. The lawsuit of Winnemac v Momient is ongoing in state court.

**ANSWER:** This defendant admits the allegations in paragraph 36.

37. On 6/7/2012 the plaintiff tendered a notice to an unidentified attorney of Sanford Kahn representing Winnemac Properties, and to Sanford Kahn, Ltd. disputing the debt and demanding that the debt be validated and verified.

**ANSWER:** This defendant admits on or about June 7, 2012 plaintiff tendered notice to the law firm of Sanford Kahn, Ltd. disputing the debt and demanding that the debt be validated and verified. Further answering, the notice was tendered only after the state court forcible entry and detainer action had been initiated. Answering further, said demand for validation and verification was made more than 30 days after initial communication with Momient regarding the debt. This defendant denies any and all remaining allegations in paragraph 37 not specifically admitted.

38. Defendants Winnemac Properties, Sanford Kahn, Sanford Kahn, Ltd., Richard Christoff, Amy Sellegren and Robert Kahn, all made appearance in the case of Winnemac v. Momient and all attempted to collect alleged but non-existent and otherwise disputed and unverified delinquent consumer debt of the plaintiff.

**ANSWER:** This defendant admits that attorneys for the law firm of Sanford Kahn, Ltd. including Sanford Kahn, Richard Christoff, and Amy Sellegren attended court in their capacity as attorneys for Winnemac Properties in the case <u>Winnemac Properties v. Momient</u>, Case No. 12 M1 708874. This defendant further admits that said court appearances were made to further the eviction of plaintiff for failure to timely pay rent. This defendant denies any and all remaining allegations in paragraph 38 not specifically admitted. Robert Kahn denies having made any appearance in the <u>Winnemac v. Momient</u> state court proceeding.

39. The Defendant Sanford Kahn Ltd. on its website http://www.sanfordkahnltd.com says:

> *"The law firm of Sanford Kahn, Ltd., was established in 1973 and consists of seven attorneys, all of whom concentrate on Landlord/Tenant Law in Illinois... The firm files over four hundred Forcible Entry and Detainer Actions per month for Residential, Commercial, and Industrial Properties, as well as Subsidized Properties in Cook, DuPage, Will, Lake, McHenry and Kankakee Counties, Illinois."*

**ANSWER:** This defendant admits that paragraph 39 sets forth a portion of text contained on the website for the law firm of Sanford Kahn, Ltd. However, this defendant denies any wrongdoing or liability to plaintiff.

40.     Upon information and belief the firm also seeks past due rents, or consumer debts, as a mainstay of its practice and has done so for nearly 40 years.

**ANSWER:**   This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 40 and therefore denies the same.

41.     Upon information and belief the firm never represents renters/debtors but specializes as a landlord's attorney, to obtain past due rents and/or possession of apartment units based on delinquent consumer debts.

**ANSWER:**   This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 41 and therefore denies the same.

42.     Upon information and belief the firm uses its connections and influence in the state court to further their aims and maintain the image of a highly successful Landlord friendly Law Firm.

**ANSWER:**   This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 42 and therefore denies the same.

43.     Upon information and belief the firm does not adhere to the FDCPA, though they are debt collectors. The firm does not send out Dunning notices nor does it give the debtor time to dispute or pay prior to filing lawsuits pursuant to FDCPA.

**ANSWER:**   This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 43 and therefore denies the same.

44.     Upon filing the case on behalf of Winnemac Properties against the Plaintiff the, Firm Sanford Kahn ltd, obtained colorable jurisdiction by pleading to the court that the Plaintiff could not be found on due inquiry, though the plaintiff has resided in the same place the entire time and had a separate and ongoing action against Bell/Touhy, LLC in state court.

**ANSWER:**   This defendant admits only that plaintiff was properly found to have been served with summons and complaint in the underlying forcible entry and detainer action.  This defendant denies any and all remaining allegations in paragraph 44 not specifically admitted.

45.     The defendant Sanford Kahn, Ltd. and Robert Christoff informed the defendant that failure to pay would ultimately lead to a jail sentence for the Plaintiff.

**ANSWER:** This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 45 and therefore denies the same.

46. Upon information and belief the firm uses these tactics alongside its longstanding influence and connections to obtain judgments against debtors and maintain its corporate image as a successful landlords' law firm.

**ANSWER:** This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 46 and therefore denies the same.

47. Upon information and belief it has built this reputation on the backs of tens of thousands of unsuspecting and unsophisticated consumer debtors, victims, whom have suffered at the hands of Sanford Kahn Ltd's unlawful debt collection practices.

**ANSWER:** This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 47 and therefore denies the same.

48. Sanford Kahn Ltd. and its members and attorneys are savvy, intelligent, longtime attorneys, and upon information and belief they know they are debt collectors and subject to the FDCPA.

**ANSWER:** This defendant admits that Sanford Kahn, Ltd. and its members are intelligent attorneys. This defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies the same.

49. Upon information and belief Sanford Kahn Ltd. and its members and attorneys have made a conscious profit-making decision to attempt to fly under the radar while knowingly violating the FDCPA repeatedly as part of its business model.

**ANSWER:** This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 49 and therefore denies the same.

50. Upon information and belief Sanford Kahn Ltd. and its members and attorneys avoid complying with the FDCPA in order to maintain their image as a successful landlord's attorney law firm, that are experts and can obtain judgments and evictions quickly in the courts based on their expertise in and knowledge of law.

**ANSWER:** This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 50 and therefore denies the same.

51.     The Sanford Kahn Law Firm has been aware of this action since they were served in or about November 2012.  Upon information and belief they have willfully continued to operate based on a cost/benefit analysis in the same manner and continue to file 400 lawsuits a months with no regard for the FDCPA.

**ANSWER:**  This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 51 and therefore denies the same.


52.     When the plaintiff Momient was unable to obtain an attorney early on in the state case the Firm capitalized on that and vigorously pursued an alleged but non-existent and or otherwise disputed and unverified consumer debt with full awareness that the debt had been disputed and unverified.

**ANSWER:**  This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 52 and therefore denies the same.


53.     On 11/1/2012 defendants Winnemac Properties, Sanford Kahn Ltd. and Amy Sellegren obtained a judgment against Plaintiff in the amount of $6800.00.

**ANSWER:**     This defendant admits that on or about November 1, 2012, a $6,800 judgment was entered against plaintiff in the state court case based on plaintiff's failure to make court ordered use and occupancy payments.


54.     Upon information and belief the judgment has appeared in Plaintiffs' credit report and has lowered his credit score, and inhibited his ability to obtain new credit and damaged his reputation amongst other damages.

**ANSWER:**  Defendants admit only that a judgment was properly entered by the trial judge in the underlying forcible entry and detainer action as a result of plaintiff's failure to make court ordered use and occupancy payments.  This defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore denies the same.


55.     Defendants Winnemac Properties and Sanford Kahn ltd., Amy Sellegren, Sandford Kahn, Richard Chrsitoff, and Robert Kahn, (Hereafter the "Winnemac/Kahn Group" Defendants) each participated in pursuing an accelerated trial date in the state court action in an attempt to force Plaintiff to pay alleged but non-existent and or otherwise disputed and unverified debts or face an eviction from his home based on same.

**ANSWER:**  This defendant admits only that the law firm of Sanford Kahn, Ltd., on behalf of Winnemac Properties, lawfully filed, and continued to properly pursue, a forcible entry and detainer action against plaintiff as a result of plaintiff's failure to make timely rent payments

and to vacate the subject apartment after expiration of the lease. This defendant denies any and all remaining allegations in paragraph 55 not specifically admitted.

56.     Defendants The Winnemac/Kahn Group obtained an accelerated trial date based solely on alleged sanctionable conduct of the plaintiff, for his inability to pay the $6800.00 judgment. The judgment amount representing an alleged but non-existent and or otherwise disputed and unverified debt.

**ANSWER:**   This defendant admits that a trial date was properly obtained in the underlying forcible entry and detainer action against plaintiff. This defendant also admits that a $6,800 judgment was properly entered by the trial judge against plaintiff in that action as a result of plaintiff's failure to comply with a court ordered use and occupancy order. This defendant denies any and all remaining allegations in paragraph 56 not specifically admitted.

57.     Defendants the Winnemac/Kahn Group were granted an accelerated trial date of 11-29-2012 based on the defendants willful disregard for the FDCPA violations they were committing.

**ANSWER:**   This defendant admits only that trial dates have been properly set by the trial judge in the underlying forcible entry and detainer action. This defendant denies any and all remaining allegations in paragraph 57 not specifically admitted.

58.     The Plaintiff and his late-coming attorney were unprepared for a trial and the defendant feared that the bullying of the Winnemac/Kahn Group would lead to him and his son being forced out into the streets in the middle of winter by illegal eviction for an alleged but non-existent and or otherwise disputed and unverified debt.

**ANSWER:**   This defendant denies "bullying" plaintiff. This defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies the same.

59.     As a direct result of the Winnemac/Kahn Groups unlawful debt collection practices the Plaintiff, on 11-29-2012, the day of trial, was forced to file an emergency bankruptcy as the only means to stay the accelerated trial granted to the Winnemac/Kahn Group Defendants based on their willful and unlawful actions.

**ANSWER:**   This defendant admits only that plaintiff filed bankruptcy on the day of the scheduled trial in the underlying forcible entry and detainer action. Answering further, plaintiff ultimately dismissed his bankruptcy case. This defendant denies any and all remaining allegations in paragraph 59 not specifically admitted.

60.     The Defendants Robert Kahn, Sanford Kahn Ltd. and Winnemac Properties continued to violate the FDCPA by appearing in the Bankruptcy action and requesting that the stay be lifted so that they may continue to pursue their unlawful debt collection practices in state court.

**ANSWER:**     This defendant admits only that Robert Kahn, on behalf of Winnemac Properties, has appeared in plaintiff's then-pending bankruptcy action in attempt to lawfully lift the automatic stay to continue with the underlying forcible entry and detainer action.  This defendant denies any and all remaining allegations in paragraph 60 not specifically admitted.

61.     The Defendants Robert Kahn, Sanford Kahn Ltd. and Winnemac Properties asked that the Bankruptcy court allow them to collect past due rents and were granted an order stating that the plaintiff shall pay the past due rent of December 2012.

**ANSWER:**     This defendant admits that Robert Kahn appeared in plaintiff's then-pending bankruptcy action wherein the United States District Court Bankruptcy Judge properly lifted the automatic stay.  This defendant denies any and all remaining allegations in paragraph 61 not specifically admitted.

62.     As of 1-08-2013 The Winnemac/Kahn Group defendants continue to pursue their state court collection efforts in the very same court case that was filed in violation of the FDCPA and lead the plaintiff to file bankruptcy.

**ANSWER:**     This defendant admits only that it lawfully continues to pursue the underlying forcible entry and detainer action as a result of plaintiff's failure to timely pay rent and to vacate the subject premises after expiration of a lease agreement.  This defendant denies any and all remaining allegations in paragraph 62 not specifically admitted.

## **Common to All Defendants**

63.     At no point had any of the defendants sent a demand, or initial notices, to the plaintiff prior to the filing of the state court actions.

**ANSWER:**   This defendant denies the allegations in paragraph 63 as stated.

64.     At no point has any Defendant sent verification or validation of any debts to the Plaintiff Lee Momient once disputed.

**ANSWER:**     This defendant admits that no verification or validation related to debts owed by plaintiff to it have been sent.  Answering further, this defendant denies that any such verification or validation was required by law based on the timing and procedure of the underlying state court actions involving Winnemac Properties and plaintiff.

65.     Upon information and belief the defendants are aware of the lingering physical and mental damage caused by injuries sustained to him due to the negligence of Bell/Touhy LLC.

**ANSWER:**  This defendant denies all allegations in paragraph 65.

66.     The plaintiff suffers from anxiety disorder, post-concussion (head trauma) syndrome, including memory loss, and has had previous back and body injury; each was exacerbated by the Defendants conduct.

**ANSWER:**  This defendant denies that it caused any of the physical or mental conditions alleged by plaintiff in paragraph 66.  This defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 66 and therefore denies the same.

67.     Plaintiff on many days had to appear in court though he was suffering from, without limit, extreme back pain, headaches and anxiety.

**ANSWER:**  This defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 67 and therefore denies the same.  Answering further, this defendant has observed plaintiff in court without any such mental or physical conditions.

68.     Plaintiff pleaded with the defendants to stop their abusive tactics and simply follow the law and informed them each of the pain and suffering their actions were causing him, but the defendants persisted.

**ANSWER:**  This defendant admits only that the law firm of Sanford Kahn, Ltd. continues to lawfully pursue the underlying forcible entry and detainer action against plaintiff. This defendant denies all remaining allegations in paragraph 68 not specifically admitted.

69.     The defendant's actions lead to worry and overeating and the defendant has gained nearly 60 pounds as a result of the distress caused by the defendants.

**ANSWER:**  This defendant denies the allegations in paragraph 69.

70.     The Plaintiff has suffered the actual damages, without limit, of anxiety, paranoia, difficulty relating to others, stress, anger, downtime, severe headaches, increased temper, adrenaline, conflict with family, chest constrictions, shock, overeating, excessive weight gain,

loss of sleep, nightmares, insomnia, becoming bedridden, muscle spasm, dizziness, shortness of breath, loss of happiness, fear, worry, loss of concentration, irritability, embarrassment, humiliation, indignation, future anxiety, future pain, future suffering, emotional and mental distress, pain and suffering, aggravated existing illnesses, out of pocket expenses, attorney fees in the underlying state court cases, impairment of ability to work, payments on an invalid claim, future payment on an invalid claim, reduced credit rating, injury to reputation.

    **ANSWER:** This defendant denies the allegations in paragraph 70.

## Count I
## Violations of the Fair Debt Collection and Practices Act

    71.    Plaintiff restates and reiterates herein all previous paragraphs.

    **ANSWER:** This defendant repeats and realleges its answers to all previous paragraphs.

    72.    Plaintiff is a consumer under §1692 a(3).

    **ANSWER:** This defendant admits the allegations in paragraph 72.

    73.    The alleged debts were obligations under §1692 a(5).

    **ANSWER:** This defendant admits for purposes of this matter only that the money judgment previously entered and correctly being sought against plaintiff in the underlying forcible entry and detainer action as a result of plaintiff's failure to timely pay rent, are debts as provided for under 15 U.S.C. §1692 a(5). This defendant denies any and all remaining allegations in paragraph 73 not specifically admitted.

    74.    Defendants are Debt Collectors under §1692 a(6).

    **ANSWER:** This defendant denies the allegations in paragraph 74 and notes that property management companies generally are not subject to the FDCPA pursuant to the definitional exceptions found at §1692 (a)(6)(F).

    75.    Defendants violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

    **ANSWER:** This defendant denies the allegations in paragraph 75.

76.     Defendants violated §1692d by conduct the natural consequence of which is to harass, oppress, or abuse any person. Plaintiff demands judgment in the amount of $1000.

**ANSWER:** This defendant denies the allegations in paragraph 76.

77.     Defendants violated §1692f(1) by Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. Plaintiff demands judgment in the amount of $1000.

**ANSWER:** This defendant denies the allegations in paragraph 77.

78.     Defendants violated §1692e(11) by Communication that failed to contain the mini-Miranda warning: "This is an attempt to collect a debt... communication is from a debt collector." Plaintiff demands judgment in the amount of $1000.

**ANSWER:** This defendant denies the allegations in paragraph 78.

79.     Defendants continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b). Plaintiff demands $2000.

**ANSWER:** This defendant denies the allegations in paragraph 79.

80.     Defendants violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

**ANSWER:** This defendant denies the allegations in paragraph 80.

81.     Defendants violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector. Plaintiff demands judgment in the amount of $1000.

**ANSWER:** This defendant denies the allegations in paragraph 81.

82.     Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such

amount is expressly authorized by the agreement creating the debt or permitted by law.  Plaintiff demands judgment in the amount of $1000.

**ANSWER:**  This defendant denies the allegations in paragraph 82.

83.    Defendants violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  Plaintiff demands judgment in the amount of $1000.

**ANSWER:**  This defendant denies the allegations in paragraph 83.

84.    The defendants acted willfully and maliciously without regard for the rights of the Plaintiff or the laws of the land.

**ANSWER:**  This defendant denies the allegations in paragraph 84.

85.    The unlikely alternative is that some of the defendants acted negligently.

**ANSWER:**  This defendant denies the allegations in paragraph 85.

**Count II**
**Intentional Infliction of Emotional Distress**

86.    Plaintiff restates and reiterates herein all previous paragraphs.

**ANSWER:**  This defendant repeats and realleges its answers to all previous paragraphs.

87.    The defendant's conduct was extreme and outrageous.

**ANSWER:**  This defendant denies the allegations in paragraph 87.

88.     The defendants were aware or should have known that their actions would lead to emotional distress.

**ANSWER:**  This defendant denies the allegations in paragraph 88.

89.     The defendant's actions caused severe emotional distress and mental anguish to the Plaintiff

**ANSWER:**  This defendant denies the allegations in paragraph 89.

### AFFIRMATIVE DEFENSES

Defendant, Winnemac Properties, for its affirmative defenses to plaintiff's first amended complaint for damages (as of right), states as follows:

### First Affirmative Defense

For its first affirmative defense, this defendant states that Winnemac Properties, as a property management company, is not subject to the FDCPA pursuant to the definitional exceptions found at §1692(a)(6)(F).

### Second Affirmative Defense

For its second affirmative defense, this defendant states that plaintiff fails to state a cause of action for either a violation of the FDCPA, 15 U.S.C. §1692 *et seq.* or for intentional infliction of emotional distress.

### Third Affirmative Defense

For its third affirmative defense, this defendant states that plaintiff has not suffered any actual damages as a result of the alleged acts and/or omissions of this defendant.

### Fourth Affirmative Defense

For its fourth affirmative defense, this defendant states that plaintiff failed to state a claim upon which relief may be granted under the FDCPA because this defendant did not commit any

act or omission constituting an actual violation of the FDCPA.  Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 480 F.3d 470 (7th Cir. 2007).

### Fifth Affirmative Defense

For its fifth affirmative defense, this defendant states that plaintiff's alleged claims are subject to set-off and/or recoupment of any and all sums due and owing by plaintiff or for sums paid by any party for any of the damages alleged herein.

### Sixth Affirmative Defense

For its sixth affirmative defense, this defendant states that the alleged violations were not material.  Hahn v. Triumph Partnerships, LLC, 557 F.3d 755 (7th Cir. 2009).

### Seventh Affirmative Defense

For its seventh affirmative defense, this defendant states that an unsophisticated debtor would not be misled by any of the alleged violations.

### Eight Affirmative Defense

For its eighth affirmative defense, this defendant states that the FDCPA does not provide the Court with jurisdiction to overturn, alter, or attack orders entered by Illinois state court judges or Federal Bankruptcy judges.

### Ninth Affirmative Defense

For its ninth affirmative defense, this defendant states that any alleged requests for verification made by plaintiff were done more than thirty days after initial contact with plaintiff.

### Tenth Affirmative Defense

For its tenth affirmative defense, this defendant states that any alleged requests for verification made by plaintiff were done during the pendency of the state court lawsuits.

**<u>Eleventh Affirmative Defense</u>**

For its eleventh affirmative defense, and while denying any and all liability, this defendant states that any alleged conduct by its attorneys was outside the scope of the employment.

WHEREFORE, defendant, Winnemac Properties, prays that judgment be entered in its favor and against plaintiff, with costs.

Winnemac Properties

By:___ */s/ Matthew T. Kinst*_____
       One of its attorneys

Joseph P. Kincaid, Esq. (ARDC No. 6202639)
Matthew T. Kinst, Esq. (ARDC No. 6296945)
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois  60611
(312) 321-9100
(312) 321-0990 – Fax
jkincaid@smbtrials.com
mkinst@smbtrials.com